# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7199 | **DATE** | 2/12/2008 |
| **CASE TITLE** | Isaac Pena (R-21449) v. Terry McCann, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Isaac Pena's motion for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $5.00 from plaintiff's account for payment to the clerk of this court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. The clerk is directed to issue summonses for service of the complaint on defendants, Stateville officials and officers Terry L. McCann, Aguero, Quarles, James Burzinski, Maldonado, and Brown. The U.S. Marshal is directed to serve these defendants. Summons will not issue for John Doe, and this defendant is dismissed without prejudice to plaintiff seeking leave to amend the complaint with the name of this defendant, once plaintiff learns this defendant's identity. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [**For further details see text below.**]                                                            Docketing to mail notices.

## STATEMENT

The plaintiff Isaac Pena (R-21449), a prisoner currently in custody at Pontiac Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Stateville Warden Terry McCann and Correctional and Internal Affairs Officers Aguero, Quarles, James Burzinski, Maldonado, and Brown failed to protect plaintiff from an assault by another inmate.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.00. The trust fund officer at plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, plaintiff's trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. This payment obligation will follow plaintiff wherever he may be transferred, and the trust fund office at his current place of confinement should notify authorities at any facility to which plaintiff may be transferred of any outstanding balance owed for the filing fee in this case .
**(CONTINUED)**

isk

**STATEMENT (continued)**

A preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that plaintiff may proceed with his claims against Stateville Warden Terry McCann and Correctional and Internal Affairs Officers Aguero, Quarles, James Burzinski, Maldonado, and Brown. The clerk shall issue summonses for these defendants.

However, with respect to the unknown defendant listed as John Doe, service of the complaint cannot be accomplished unless the identity of the defendant is known. Plaintiff may send discovery to the attorney for the named defendants, once an attorney appears on their behalf. Also, a review of the complaint does not reveal any allegations against this defendant. Accordingly, the defendant listed as John Doe is dismissed without prejudice. If plaintiff wants to include this defendant, he must seek to amend the complaint with the name of this defendant and state the claim plaintiff seeks to allege against this defendant.

The United States Marshals Service is appointed to serve the defendants, Stateville Warden Terry McCann and Correctional and Internal Affairs Officers Aguero, Quarles, James Burzinski, Maldonado, and Brown. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, Stateville Correctional Center officials shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.