

| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN<br>See Instructions for "Service of Process by the U.S. Marshal"<br>on the reverse of this form. |
|---|---|

| PLAINTIFF<br>Isaac Pena | COURT CASE NUMBER<br>07C7199 |
|---|---|
| DEFENDANT<br>Terry McCann, et al. | TYPE OF PROCESS<br>S/C |

| SERVE | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| ➤ | Mr. Brown, Correctional Officer, Stateville Correctional Center |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| AT | SCC, C/O K. Sandlin, Legal Dept. P.O. Box 112, Joliet, IL 60434 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Isaac Pena, R-21449
P.O. Box 99
Pontiac, IL 61764

| Number of process to be served with this Form - 285 | 1 |
|---|---|
| Number of parties to be served in this case | 6 |
| Check for service on U.S.A. | 0 |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

FILED
MAR 2 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FILED
MAR 2 4 2008

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE<br>02-21-08 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>(Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>6 of 6 | District of Origin<br>No. 24 | District to Serve<br>No. 24 | Signature of Authorized USMS Deputy or Clerk | Td | Date<br>02-21-08 |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above)<br>Received letter from stateville legal department, more information is needed they have several Mr. Browns employed. | Date of Service 3-3-08 Time ___ am ___ pm<br>Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges<br>(including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 0 | 0 | 0 | 0 | 0 | 0 | 0 |

REMARKS: Mailed Certified mail w/waiver 7007 0710 0000 9600 0962

| PRIOR EDITIONS<br>MAY BE USED | 1. CLERK OF THE COURT | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|



**Rod R. Blagojevich**
Governor

**Illinois Department of Corrections**

**Roger E. Walker Jr.**
Director

DOC Legal Services / Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3623
Fax: (815) 727-3669
TDD: (800) 526-0844

March 3, 2008

Tomar Dicosta, Civil Desk
U.S. Marshal's Service
2444 Dirksen Federal Building
219 South Dearborn Street
Chicago, Illinois 60604

VIA FAX 312-886-0802

RE:   Pena v McCann, et al
      07 c 7199

Dear Ms. Dicosta:

In accordance with the above-captioned civil action, please be advised the following individuals do not work at Stateville Correctional Center. I have enclosed forwarding information for the attached service packet:

The service for Mr. Brown can not be served we have several Mr. Browns here as employees.

Please feel free to contact me if you have any questions or need further information regarding this matter.

Sincerely,

Kathy Sandlin

Kathy Sandlin
Litigation Coordinator
DOC Legal Services-Stateville Correctional Center

File
cc: Wexford

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT

_____
(DISTRICT)

## Waiver of Service of Summons

TO: **Isaac Pena**
_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, **Mr. Brown** _____ acknowledge receipt of your request that I waive
(DEFENDANT NAME)
service of summons in the action of **Isaac Pena vs. Terry L. McCann, et al.**
(CAPTION OF ACTION)
which is case number **07C7199** _____ in the United States District Court for the
(DOCKET NUMBER)
**Northern District of Illinois**
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after **February 21, 2008**
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____          _____
DATE                                                    SIGNATURE

Printed/Typed Name: _____

As _____ of _____
    TITLE                                        CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO440 (REV. 10/93) Summons In a Civil Action

# United States District Court
Northern District of Illinois

SUMMONS IN A CIVIL ACTION

Issac Pena

vs.

Terry McCann et al
Defendant

**CASE NUMBER:** 07cv7199
**JUDGE:** Marovich

**TO:** Brown

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name:    Issac Pena
            R-21449
Address: P.O. Box 99
City :    Pontiac, IL 61764

an answer to the complaint which is herewith served upon you, within [20] days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk
By: Enjoli Fletcher
Deputy Clerk

Dated: 2/13/08

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me:^ | DATE |
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ] Served personally upon the defendant. Place where served: _____

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left: _____

[ ] Returned unexecuted: _____

[ ] Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct. |

Executed on _____

            Date           Signature of Server

                                  Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7199 | **DATE** | 2/12/2008 |
| **CASE TITLE** | Isaac Pena (R-21449) v. Terry McCann, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Isaac Pena's motion for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $5.00 from plaintiff's account for payment to the clerk of this court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund officer at the Pontiac Correctional Center. The clerk is directed to issue summonses for service of the complaint on defendants, Stateville officials and officers Terry L. McCann, Aguero, Quarles, James Burzinski, Maldonado, and Brown. The U.S. Marshal is directed to serve these defendants. Summons will not issue for John Doe, and this defendant is dismissed without prejudice to plaintiff seeking leave to amend the complaint with the name of this defendant, once plaintiff learns this defendant's identity. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff Isaac Pena (R-21449), a prisoner currently in custody at Pontiac Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Stateville Warden Terry McCann and Correctional and Internal Affairs Officers Aguero, Quarles, James Burzinski, Maldonado, and Brown failed to protect plaintiff from an assault by another inmate.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.00. The trust fund officer at plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, plaintiff's trust fund officer is directed to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. This payment obligation will follow plaintiff wherever he may be transferred, and the trust fund office at his current place of confinement should notify authorities at any facility to which plaintiff may be transferred of any outstanding balance owed for the filing fee in this case.

(CONTINUED)

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: [signature]
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
DATE: 2/13/08

isk

Page 1 of 2

| STATEMENT (continued) |
| --- |

    A preliminary review of the complaint, see 28 U.S.C. § 1915A, reveals that plaintiff may proceed with his claims against Stateville Warden Terry McCann and Correctional and Internal Affairs Officers Aguero, Quarles, James Burzinski, Maldonado, and Brown. The clerk shall issue summonses for these defendants.

    However, with respect to the unknown defendant listed as John Doe, service of the complaint cannot be accomplished unless the identity of the defendant is known. Plaintiff may send discovery to the attorney for the named defendants, once an attorney appears on their behalf. Also, a review of the complaint does not reveal any allegations against this defendant. Accordingly, the defendant listed as John Doe is dismissed without prejudice. If plaintiff wants to include this defendant, he must seek to amend the complaint with the name of this defendant and state the claim plaintiff seeks to allege against this defendant.

    The United States Marshals Service is appointed to serve the defendants, Stateville Warden Terry McCann and Correctional and Internal Affairs Officers Aguero, Quarles, James Burzinski, Maldonado, and Brown. Any service forms necessary for plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, Stateville Correctional Center officials shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
FEB 1 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Isaac Peña (R-21449)
_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Terry L. McCann
(Mrs. Internal Affairs) Aguero
(Mr. Internal Affairs) Quarles
James Burzinski
Mrs. Maldonado
Mr. Brown & John Doe

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

Case No: **07C 7199**
(To be supplied by the Clerk of this Court)

JUDGE MAROVICH
MAGISTRATE JUDGE MASON

CHECK ONE ONLY:

  X   COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code (state, county, or municipal defendants)

_____ COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331(a) U.S. Code (federal defendants)

_____ OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I. Plaintiff(s):

   A. Name: ISAAC PEÑA

   B. List all aliases: _____

   C. Prisoner identification number: R-21449

   D. Place of present confinement: Pontiac Correctional Center

   E. Address: P.O. Box #99, Pontiac, IL 61764

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):
   (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: TERRY L. McCANN
      Title: Chief Administrative Officer
      Place of Employment: Stateville Correctional Center

   B. Defendant: MRS. NAVERO
      Title: Internal Affairs / Correctional Officer
      Place of Employment: Stateville Correctional Center

   C. Defendant: MR. QUARLES
      Title: Internal Affairs / Correctional Officer
      Place of Employment: Stateville Correctional Officer    cont. back page

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D. Defendant: JAMES BURZINSKI
   Title: Lt.
   Place of Employment: Stateville Correctional Center
E. Defendant: MRS. MALDONADO
   Title: Correctional Officer
   Place of Employment: Stateville Correctional Center
F. Defendant: MR. BROWN
   Title: Correctional Officer
   Place of Employment: Stateville Correctional Center
G. Defendant: John Doe
   Title: Placement Office officer
   Place of Employment: Stateville Correctional Center

III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A. Is there a grievance procedure available at your institution?

YES (X)   NO ( )   If there is no grievance procedure, skip to F.

B. Have you filed a grievance concerning the facts in this complaint?

YES (X)   NO ( )

C. If your answer is YES:

1. What steps did you take?
I sent my grievance to the Chief Administrative Officer, he told me it wasn't an emergency. Then I sent it to my house counselor. Finally I sent it to the Grievance Officer.

2. What was the result?
They told me what the weapon was and they denied my request of relief.

3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)
I appealed my grievance to the Administrative Review Board.

D. If your answer is NO, explain why not:

3

E.     Is the grievance procedure now completed? YES ( ) NO (X)

F.     If there is no grievance procedure in the institution, did you complain to authorities? YES (X) NO ( )

G.     If your answer is YES:

    1. What steps did you take?

    *I talked to correctional officers, wrote Warden, wrote the house Lt.*

    2. What was the result?

    *None, I ended up getting stabbed.*

H.     If your answer is NO, explain why not:

4

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: _NONE_

B. Approximate date of filing lawsuit: _NOT ONE_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _ONLY ME_

D. List all defendants: _Terry L. M<sup>c</sup>Cann, Mrs. Aquero, Mr. Quarles, James Burzinski, Mrs. Maldonado, Mr. Brown and (John Doe)_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _NOT ONE_

F. Name of judge to whom case was assigned: _NONE_

G. Basic claim made: _NONE_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _NO_

H. Approximate date of disposition: _NONE_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

V.  Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On 9-17-07, Placement officer placed me in cell F-233 with Inmate Matthew Foley #B68183. Inmate Foley is a level E (Extreme Escape Risk). Inmate Foley is also known to cause bodily harm to other individuals such as; Inmates, Correctional Officers, staff members of I.D.O.C. They (Placement officer) should know out of any body else, to placed me or anybody else with a High Aggression Level Inmate. (Foley and I were house in F house cell 233).

On 9-18-07, I wrote a letter/memo to Warden M°Cann, telling him that I needed to be removed from cell F-233, because I wasn't sure of my safety. I never heard anything from him. (Warden M°Cann) not even after the assault that occurred on 9-19-07.

On 9-19-07, After second gallery, segregation yard was ran. I was in the shower waiting to go to Internal Affairs, when I told Correctional Officer Mr. Brown and Correctional Officer Mrs. Maldonada, to move me from that cell, because Inmate Foley & I were not getting along. Correctional Officer Mr. Brown told me to write a (Kite) note to Lt. Burzinski and he (Mr. Brown) would make sure he'll (Lt. Burzinski) received it. After I came back from Internal Affairs I gave the note to Correctional Officer Mr. Brown to give to Lt. Burzinski.

On 9-19-07 I wrote the note to Lt. Burzinski telling him that Inmate Foley often talked about stabbing officers and inmates. I also told him to remove me from that cell, but Lt. Burzinski refused!!

I was taken to Internal Affairs on 9-19-07 to be questioned about another incident that had occured. That's where I told Internal Affairs/ Correctional Officer Mrs. Aguero and Internal Affairs/Correctional Officer Mr. Quarles, that I was worried about my safety and that I needed to be moved from that cell. In their statement of facts I told them I was afraid that Inmate Foley might try to do something to me. Internal Affairs/Correctional Officer Mrs. Aguero and Internal Affairs/Correctional Officer Mr. Quarles blamed it all on placement office and told me they couldn't do anything about it.

On September 20, 2007, I was woken up by Inmate Foley talking to our next door neighbor in cell F-232. His name is Joseph Herman (the one that issued the shank to inmate Foley). It was around 6:50 a.m. when I jumped down from my bunk and told inmate Foley I was going to use the toilet. I hung a curtain up. After taking care of my necessities, I washed my hands, brushed my teeth and took the curtain down. That's when Inmate Foley attacked me with a shank (made out of glass). He swung his arm more than enough and cut me twice in the arm and once on my chest. I wrestled with my attacker for some minutes, til I was able to trip him and end on top of him. By that time Correctional Officer Mrs. Maldonado was doing the 7 o'clock A.M. count, she heard the struggles and racist remarks coming from Inmate Foley.

Correctional officer Mrs. Maldonado ran to cell F-233 and called a 10/10. I was taken to Health Care Unit to get treatment for my wounds (cuts). That's the place where Internal Affairs took several pictures of my ruptures and took my statement.

I tried to stop the current affairs before they happened, but no one heard me until I found myself stabbed. September 20, 2007, I, Isaac Peña (R-21449) warned the following individuals; Warden McCann of Stateville Correctional Center, Internal Affairs/Correctional officer Mrs. Aguero, Internal Affairs/Correctional officer Mr. Quarles, Lt. Burzinski, Correctional Officer Mrs. Maldonado, Correctional officer Mr. Brown... All of them from Stateville Correctional Center (I.D.O.C.) I had told all the above names and ranks (positions) that I didn't feel safe being around Inmate Foley and that I needed to be moved from that cell. But all of the above names ignored me and kept me in that unsafe enviroment with an individual (Inmate Foley) who have a history of causing great bodily harm to people.

VI. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Since my life was in danger due to the lack of laxyness and ignorance and even though I told them ahead of time, they did nothing. This is what I ask for my relief requested:
Warden McCann, $150,000.⁰⁰ and rank dropped because he obviously can't hold a job of a warden. I could've been dead right now.
Internal Affairs c/o Mrs. Alvara, $40,000.⁰⁰ for not tosking heed to what I had said and for putting me back in a danger zone.
Internal Affairs c/o Mr. Quarles, $40,000.⁰⁰ for putting me back in a danger zone (cell) and not listening to me.

cont. back page

I declare under penalty of perjury that all facts given in the complaint are true and correct.

Signed this 13ʳᵈ day of December, 2007.

_____
(Signature of plaintiff or plaintiffs)

R-21449
(I.D. Number)

Isaac Peña (R-21449)
P.O. Box #99
Pontiac, IL 61764
(Address)

8

cont. Relief:

Lt. Burzinski; $70,000⁰⁰, for leaving me in that cell when I told him my life was in danger. Drop his Lt. rank.

Correctional Officer Brown $15,000⁰⁰ for not working fast enough when he could've gave the note to Lt. Burzinski or Internal Affairs and I could've been moved instantly.

Correctional Officer Mrs. Maldonado, $15,000⁰⁰, for not following procedure to warn a St. or a Lt. after someone told them their cell wasn't a safe environment.

Placement Officer; $50,000⁰⁰, for not acknowledging my life was going to be in jeopardy after placing me in that cell.