MHN

# U.S. Department of Justice
# United States Marshals Service

## PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Isaac Pena | 07C7199 |
| DEFENDANT | TYPE OF PROCESS |
| Terry McCann, et al. | ALIAS S/C |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

Mr. Brown, Correctional Officer, Stateville Correctional Center

**AT** ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

SCC, C/O K. Sandlin, Legal Dept., P.O. Box 112, Joliet, IL 60434

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Isaac Pena, R-21449
Pontiac-PON
P.O. Box 99
Pontiac, IL 61764

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

JN

**FILED**
MAY 2 2 2008
5-22-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE<br>05-13-08 |
|---|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>1 | District of Origin No.<br>24 | District to Serve No.<br>24 | Signature of Authorized USMS Deputy or Clerk | TD | Date<br>05-13-08 |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|

Address (complete only if different than shown above):

Unable to serve there are multiple employees with the same last name.

| Date of Service | Time | am/pm |
|---|---|---|
| 5-14-08 | | |

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 0 | 0 | 6.24 | 6.24 | 0 | 6.24 | 0 |

REMARKS:
MAILED CERTIFIED MAIL 7007-0710-0000-9600-0498 W/ WAIVER

| PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|



**Illinois Department of Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

DOC Legal Services / Stateville Correctional Center / Rt. 53 / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3623
Fax: (815) 727-3669
TDD: (800) 526-0844

May 19, 2008

Tomar Dicosta, Civil Desk
U.S. Marshal's Service
2444 Dirksen Federal Building
219 South Dearborn Street
Chicago, Illinois 60604

**VIA FAX 312-886-0802**

RE:   Pena v McCann, et al
      07 c 7199

Dear Ms. Dicosta:

In accordance with the above-captioned civil action, please be advised the following individual can not be determined; Stateville Correctional Center has multiple employees who are Officer Brown.

Please feel free to contact me if you have any questions or need further information regarding this matter.

Sincerely,

Kathy Sandlin

Kathy Sandlin
Litigation Coordinator
DOC Legal Services-Stateville Correctional Center

cc:   File

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

**TO:** Isaac Pena
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Correctional Officer Brown acknowledge receipt of your request that I waive
(DEFENDANT NAME)
service of summons in the action of Isaac Pena vs. Terry L. McCann, et al.
(CAPTION OF ACTION)
which is case number 07C7199 in the United States District Court for the
(DOCKET NUMBER)
Northern District of Illinois
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after May 13, 2008
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

_____   _____
DATE                                        SIGNATURE

Printed/Typed Name: _____

As _____ of _____
     TITLE                                      CORPORATE DEFENDANT

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
### Northern District of Illinois

### ALIAS

### SUMMONS IN A CIVIL ACTION

Isaac Pena

Plantiff

vs.

Terry L. McCann  et al
Defendant

**CASE NUMBER:** 07cv7199
**JUDGE:** Marovich



**TO:** Stateville Correctional Officer Borwn

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name:   Isaac Pena
        R-21449
        Pontiac - PON
Address: P.O. Box 99
City :   Pontiac, IL 61764

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: _Enjoli Fletcher_
Deputy Clerk

Dated: 5/8/2008

| RETURN OF SERVICE ||
|---|---|
| Service of the Summons and Complaint was made by me:^ | DATE |
| NAME OF SERVER (Print) | TITLE |

Check one box below to indicate appropriate method of service:

[ ] Served personally upon the defendant. Place where served: _____

[ ] Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. Name of person with whom the summons and complaint were left: _____

[ ] Returned unexecuted: _____

[ ] Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                   Date                                          Signature of Server

                                                   _____
                                                   Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7199 | **DATE** | 5/7/2008 |
| **CASE TITLE** | Isaac Pena (R-21449) v. Terry McCann, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to issue an alias summons for Stateville Correctional Officer Brown, and the United States Marshal is again directed to serve this defendant with plaintiff's complaint.

■ [For further details see text below.]                                                    Docketing to mail notices.

## STATEMENT

    The Clerk shall issue an alias summons for Stateville Correctional Officer Brown, and the United States Marshal is again directed to serve defendant Officer Brown with plaintiff's complaint. The Marshal is directed to make all reasonable efforts to serve this defendant, and may use the information provided in the complaint to locate Officer Brown. If Officer Brown no longer works at Stateville Correctional Center, Stateville officials shall furnish the Marshal with this defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise); shall be retained only by the Marshal; and shall neither be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service for this defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If the Marshal is still unable to serve this defendant, and neither the plaintiff nor counsel for the other defendants are able to provide additional information for service of this defendant, *see Donald v. City of Chicago Sheriff*, 95 F.3d 548, 555-56 (7th Cir. 1996); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir.1995), this defendant may be dismissed from this suit. *See* Fed. R. Civ. P. 4(m).

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK
BY: _____
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: 5/8/08

Page 1 of 1

**FILED**
**FEBRUARY 12, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

AE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**

DEC 21 2007
DEC 21 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Isaac Peña (#R-21449)
_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Terry L. McCann
(Internal Affairs) Mrs. Aguero
(Internal Affairs) Mr. Quarles
James Burzinski
Mrs. Maldonado
Mr. Brown & John Doe

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

07CV 7199
JUDGE MAROVICH
Case N MAGISTRATE JUDGE MASON
(To b_____ the Clerk of this Court)

RECEIVED
2008 MAY 13 PM 3:30
UNITED STATES MARSHAL
NORTHERN DISTRICT OF ILL
ADMINISTRATIVE SECTION

CHECK ONE ONLY:

  X   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983** U.S. Code (state, county, or municipal defendants)

_____ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331(a)** U.S. Code (federal defendants)

_____ **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I.  Plaintiff(s):

    A.  Name: Isaac Peña

    B.  List all aliases: _____

    C.  Prisoner identification number: R-21449

    D.  Place of present confinement: Pontiac Correctional Center

    E.  Address: P.O. Box #99   Pontiac, IL. 61764

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. Defendant(s):
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

    A.  Defendant: Terry L. McCann
        Title: Chief Administrative Officer
        Place of Employment: Stateville Correctional Center

    B.  Defendant: Mrs. Aguero
        Title: Internal Affairs / Correctional Officer
        Place of Employment: Stateville Correctional Center

    C.  Defendant: Mr. Quarles
        Title: Internal Affairs / Correctional Officer
        Place of Employment: Stateville Correctional Officer   cont. back

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

D. Defendant: James Burzinski
   Title: Lt.
   Place of Employment: Stateville Correctional Center

E. Defendant: Mrs. Maldonado
   Title: Correctional Officer
   Place of Employment: Stateville Correctional Center

F. Defendant: Mr. Brown
   Title: Correctional Officer
   Place of Employment: Stateville Correctional Center

G. Defendant: John Doe
   Title: Placement Office officer
   Place of Employment: Stateville Correctional Center

III. Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

    A.   Is there a grievance procedure available at your institution?

        YES (X)  NO ( )  If there is no grievance procedure, skip to F.

    B.   Have you filed a grievance concerning the facts in this complaint?

        YES (X)  NO ( )

    C.   If your answer is YES:

        1. What steps did you take?
        I sent my grievance to the Chief Administrative Officer, he told me it wasn't an emergency. Then I sent it to my house counselor. Finally I sent it to the Grievance Officer.

        2. What was the result?
        They told me what the weapon was and they denied my request of relief.

        3. If the grievance was not resolved to your satisfaction, did you appeal? What was the result (if there was no procedure for appeal, so state.)
        I appealed my grievance to the Administrative Review Board.

    D.   If your answer is NO, explain why not:

E. Is the grievance procedure now completed?  YES ( )  NO (X)

F. If there is no grievance procedure in the institution, did you complain to authorities?  YES (X)  NO ( )

G. If your answer is YES:

   1. What steps did you take?
   I talked to correctional officers, wrote warden, wrote the house Lt.

   2. What was the result?
   None, I ended up getting stabbed.

H. If your answer is NO, explain why not:

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A. Name of case and docket number: _NONE_

B. Approximate date of filing lawsuit: _NOT ONE_

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _▓▓▓ ONLY, ME_

D. List all defendants: _▓▓▓ Terry L. M<sup>c</sup>Cann, Mrs. Aguero, Mr. Quarles, James Burzinski, Mrs. Maldonado, Mr. Brown and (John Doe)_

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _NOT ONE_

F. Name of judge to whom case was assigned: _NONE_

G. Basic claim made: _NONE_

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _NO_

H. Approximate date of disposition: _NONE_

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

5

V.   Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On 9-17-07, Placement office placed me in cell F-233 with Inmate Matthew Foley #B68183. Inmate Foley is a level E (Extreme Escape Risk). Inmate Foley is also known to cause bodily harm to other individuals such as; Inmates, Correctional Officers, staff members of I.D.O.C. They (Placement officer) should know out of any body else, to placed me or anybody else with a High Aggression Level Inmate. (Foley and I were house in F house cell 233).

On 9-18-07, I wrote a letter/memo to Warden McCann, telling him that I needed to be removed from cell F-233, because I wasn't sure of my safety. I never heard anything from him, (Warden McCann) not even after the assault that occured on 9-19-07.

On 9-19-07, After second gallery, segregation yard was ran. I was in the shower waiting to go to Internal Affairs, when I told Correctional Officer Mr. Brown and Correctional Officer Mrs. Maldonada, to move me from that cell, because Inmate Foley & I were not getting alone. Correctional Officer Mr. Brown told me to write a (Kite)note to Lt. Burzinski and he (Mr. Brown) would make sure he'll (Lt. Burzinski) received it. After I came back from Internal Affairs, I gave the note to Correctional Officer Mr. Brown to give to Lt. Burzinski.

On 9-19-07 I wrote the note to Lt. Burzinski telling him that Inmate Foley often talked about stabbing officers and inmates. I also told him to remove he from that cell, but Lt. Burzinski refused!!

I was taken to Internal Affairs on 9-19-07 to be questioned about another incident that had occured. That's where I told Internal Affairs/ Correctional officer Mrs. Aguera and Internal Affairs/Correctional officer Mr. Quarles that I was worried about my safety and that I needed to be moved from that cell. In their statement of facts I told them I was afraid that Inmate Foley might try to do something to me. Internal Affairs/Correctional Officer Mrs. Aguera and Internal Affairs/Correctional officer Mr. Quarles blamed it all on placement office and told me they couldn't do anything about it.

On September 20, 2007, I was woken up by Inmate Foley talking to our next door neighbor in cell F-232. His name is Joseph Herman. (the one that issued the shank to inmate Foley). It was around 6:40 a.m. when I jumped down from my bunk and told Inmate Foley I was going to use the toilet. I hung a curtain up. After taking care of my necessities. I washed my hands, brushed my teeth and took the curtain down. That's when Inmate Foley attacked me with a shank (made out of glass). He swung his arm more than enough and cut me twice in the arm and once on my chest. I wrestled with my attacker for some minutes, til I was able to trip him and end on top of him. By that time Correctional officer Mrs. Maldonado was doing the 7 o'clock A.M. count, she heard the struggles and racist remarks coming from Inmate Foley.

Correctional officer Mrs. Maldonado ran to cell F-233 and called a 10/10. I was taken to Health Care Unit to get treatment for my wounds (cuts). That's the place where Internal Affairs took several pictures of my ruptures and took my statement.

I tried to stop the current affairs before they happened, but no one heard me until I found myself stabbed. September 20, 2007. I, Isaac Peña (R-21449) warned the following individuals; Warden McCann of Stateville Correctional Center, Internal Affairs/Correctional officer Mrs. Aguero, Internal Affairs/Correctional officer Mr. Quarles, Lt. Burzinski, Correctional officer Mrs. Maldonado, Correctional officer Mr. Brown... All of them from Stateville Correctional Center (I.D.O.C.) I had told all the above names and ranks (positions) that I didn't feel safe being around Inmate Foley and that I needed to be moved from that cell. But all of the above names ignored me and kept me in that unsafe enviroment with an individual (Inmate Foley) who have a history of causing great bodily harm to people.

VI. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Since my life was in danger due to the lack of laziness and ignorance and even though I told them ahead of time, they did nothing. This is what I want for my relief requested: Warden McCann, $150,000°° and rank dropped because he obviously can't hold a job of a warden. I could've been dead right now. Internal Affairs c/o Mrs. Rivera, $40,000°° for not taking heed to what I had said and for putting me back in a danger zone. Internal Affairs c/o Mr. Quarles, $40,000°° for putting me back in a danger zone (cell) and not listening to me.

                                                          cont. back page

I declare under penalty of perjury that all facts given in the complaint are true and correct.

Signed this __13RD__ day of __December__, 2007.

_____
(Signature of plaintiff or plaintiffs)

R-21449
(I.D. Number)

Isaac Peña (R-21449)
P.O. Box #99
Pontiac, Il. 61764
(Address)

cont. Relief:

Lt. Burzinski, "$70,000", for leaving me in that cell when I told him my life was in danger. Drop his Lt. rank.

Correctional Officer Brown $15,000 for not working fast enough when he could've gave the note to Lt. Burzinski or Internal Affairs and I could've been moved instantly.

Correctional Officer Mrs. Maldonado, $15,000, for not following procedure to warn a St. or a Lt. after someone told them their cell wasn't a safe environment.

Placement Officer, "$50,000", for not acknowledging my life was going to be in jeopardy after placing me in that cell.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

STATEVILLE CORRECTIONAL CENTER
P.O. BOX 112
ROUTE 53
JOLIET, ILLINOIS 60434

ATTN: RECORDS - K. Sandlin

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ⌐o S ⌐_____    ☐ Agent
                 ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
C/O S. Nims

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

FILED
MAY 2 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7007 0710 0000 9600 0498

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540