IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC PEÑA, R21449, | ) | |
| | ) | No. 07 C 7199 |
| Plaintiff, | ) | |
| | ) | Hon. George M. Marovich |
| v. | ) | Judge Presiding |
| | ) | |
| TERRY MCCANN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, TERRY MCCANN, DONALD QUARLES, EVA AGUERO, JAMES BURZINSKI and MARTHA MALDONADO, by and through their attorney, LISA MADIGAN, Illinois Attorney General, and move this Court to grant Defendants additional time to respond to Plaintiff's complaint. In support of their motion, Defendants state:

### INTRODUCTION

Plaintiff ISAAC PEÑA is an inmate currently incarcerated at Pontiac Correctional Center, and is serving a thirty-six (36) month sentence for "Consp Forgery/Make/Alter Document."

In his complaint, Plaintiff alleges that his constitutional rights were violated when defendants failed to protect Plaintiff from an attack by his cellmate.

Defendants should be dismissed from Plaintiff's complaint because Plaintiff is suing the defendants in their official capacities and is not seeking injunctive relief.

### STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint need not provide detailed

factual allegations, but a court may dismiss a complaint if the facts alleged are insufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007). The Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. Chancey v. Suburban Bus Div. of Regional Transp. Authority, 52 F. 3d 623, 626-7 (7th Cir. 1995)(citations omitted). However, the Court need not strain to find favorable inferences which are not apparent on the face of the complaint. Coates v. Illinois State Board of Ed., 559 F.2d 445, 447 (7th Cir. 1977). Similarly, this Court is not required to accept legal conclusions either alleged or inferred from pleaded facts. Nelson v. Monroe Regional Medical Center, 925 F.2d 1555, 1559 (7th Cir. 1991), cert. den. 502 U.S. 903(1991). It is with these standards in mind that this motion must be decided.

## ARGUMENT

**The Eleventh Amendment Bars All Official Capacity Claims for Money Damages**.

Plaintiff does not specify whether he is suing Defendants in their individual or official capacity. A § 1983 claim that fails to specify the capacity in which the defendants are being sued is ordinarily construed to be against them in their official capacity. Stevens v. Umstead, 131 F.3d 697, 706 (7th Cir. 1997). Plaintiff identifies each defendant by their official title, and in his prayer for relief, Plaintiff requests that several of the defendants have their "rank dropped." This appears to indicate Plaintiff is seeking to sue Defendants in their official capacities, as employees of the Illinois Department of Corrections, rather than in their individual capacities. *See*, Stevens, 131 F.3d at 707.

A suit against a state official in his official capacity is effectively a suit against the state. Brandon v. Holt, 469 U.S. 464, 471 (1985); Kentucky v. Graham, 473 U.S. 159, 165 (1985); *See* Sherman v. Comm. Consol. Dist. 21, 980 F.2d 437, 440-41 (7th Cir. 1994). A state is not a "person"

subject to suit under 42 U.S.C. § 1983. Arizonans for Official English v. Arizona, 520 U.S. 43, 68-69 (1997); Power v. Summers, 226 F.3d 815, 8181 (7th Cir.2000), and the Eleventh Amendment generally bars suits in federal court against state officials in their official capacities when the state is the real party in interest. Sonnleitner v. York, 304 F.3d 704, 717 (7th Cir.2002).

Although courts have created an exception that state employees can be sued in their official capacities for injunctive relief, *see* American Soc. of Consultant Pharmacists v. Patla, 138 F.Supp.2d 1062, 1068 (N.D.Ill.2001)(*citing* Edelman v. Jordan, 415 U.S. 651, 666-67 (1974), Plaintiff is not seeking injunctive relief here.

Plaintiff's complaint must be dismissed.

Respectfully submitted,

LISA MADIGAN
Attorney General of Illinois    By:    s/ Matthew M. Smith
                                       MATTHEW M. SMITH
                                       Assistant Attorney General
                                       General Law Bureau
                                       100 West Randolph Street, 13th Fl.
                                       Chicago, Illinois 60601
                                       (312) 814-4451