# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7199 | **DATE** | 6/3/2008 |
| **CASE TITLE** | Isaac Pena (R-21449) v. Terry McCann | | |

**DOCKET ENTRY TEXT:**

Defendants' motion to dismiss the complaint [24] is denied. Defendants' answer to the complaint is to be filed by 6/24/2008. Status hearing set for 7/1/2008 at 11:00 a.m.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff Isaac Pena, an inmate currently at Pontiac Correctional Center filed this 42 U.S.C. § 1983 suit against Stateville Correctional Center Warden Terry McCann and Stateville officers. Plaintiff alleges that, in September and October 2007, while he was incarcerated at Stateville, the defendants acted with deliberate indifference to plaintiff's safety by failing to protect him from an attack by a fellow inmate. Plaintiff states that he told the defendants that he should be moved from his prison area because he feared an assault.

The defendants have filed a motion to dismiss and argue that, because plaintiff did not specify whether he was suing the defendants in their individual or official capacities, it is assumed that the defendants are being sued in their official capacities. The defendants assert that a suit against them in their official capacities is the same as a suit against the state, and that a suit against the state is barred by the Eleventh Amendment unless plaintiff is seeking injunctive relief.

The defendants are correct that plaintiff did not expressly indicate in his complaint whether he is suing them in their official or individual capacities; however, it is clear from the allegations in the complaint that the defendants are being sued in their individual capacities. Although claims against state officials are assumed, unless otherwise specified, to be in their official capacities, the failure of a pro se plaintiff to specify in what capacity he is suing defendants does not necessarily make an action an official capacity suit. *See Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991) (official capacity suit cannot be "presumed any time that the complaint fails to explicate clearly the capacity in which the defendant is to be sued"); *see also Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000); *Stevens v. Umsted*, 131 F.3d 697, 707 (7th Cir. 1997); *Conner v. Reinhard*, 847 F.2d 384, 394 n. 8 (7th Cir. 1988). Rather, an official capacity suit will be presumed when the "indicia of an official policy or custom are present in the complaint." *Hill*, 924 F.2d at 1373.

A liberal reading of plaintiff's complaint, wherein he asserts that he told each defendant that he should be moved to another area of the prison because he feared being assaulted, indicates that plaintiff is suing the defendants in their individual capacities. The Court thus reads plaintiff's claims as suing the defendants in their individual capacities. *See Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005); *Pierson v. Hartley,* 391 F.3d 898, 904 (7th Cir. 2004). Accordingly, the Court denies defendants' motion to dismiss.

isk